**STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellant and Cross–Appellee,**

v.

**Richard C. BUTTON, Appellee and Cross–Appellant.**

Nos. S–8792, S–8942.

Supreme Court of Alaska.

Aug. 18, 2000.

Diane L. Wendlandt, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant/Cross–Appellee.

Mary–Ellen Zalewski, Anchorage, for Appellee/Cross–Appellant.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

## OPINION

BRYNER, Justice.

### I. INTRODUCTION

Richard Button acknowledged his paternity of Vickie Hansen[1] in 1986 because he erroneously believed he was her father. Nine years later, the Child Support Enforcement Division (CSED) served Button with a Notice and Finding of Financial Responsibility assessing support arrears in excess of $40,000. Button pursued an administrative appeal and disestablished his paternity in superior court. Because CSED's support order remained open to review, and because Button rebutted the presumption of paternity created by his legal acknowledgment at his first formal opportunity, we affirm the supe-

---

1. We use pseudonyms for the names of the mother and child.

2. CSED issued Button a Notice and Finding of Financial Responsibility on December 12, 1995. Button appealed that order by requesting an informal conference within 30 days. *See* AS 25.27.170(b). He also timely appealed the informal conference decision affirming his support obligation. *See id.; see also* former 15 Alaska Administrative Code (AAC) 05.030(a)(1994). On February 22, 1996, the day before he filed his administrative appeal of the informal conference

rior court's decision prohibiting CSED from collecting arrears.

### II. FACTS AND PROCEEDINGS

Richard Button acknowledged paternity of Vickie in 1986, shortly after she was born, based on his former fiancée's assertions that Vickie was his child. Subsequently, Vickie's mother, Cathy Hansen, applied for public assistance on Vickie's behalf. On the application forms, Hansen provided conflicting information about Vickie's father. First, she asserted that he was unknown. Then she identified Button as the father. Finally, in July 1991, Hansen named Bryan Roussell as the father, and specified that Button was not.

Initially, Button treated Vickie as his child, visiting her and voluntarily paying child support. But in 1988, Button received an anonymous tip that he was not Vickie's biological father. He then met with a friend of Hansen's, who largely confirmed his doubts. By 1991 at the latest, Button resolved that Vickie was not his child, and decided to end their relationship.

In 1995 CSED learned from Hansen that Button was listed as Vickie's father on her birth certificate—though Hansen indicated, again, that Roussell, not Button, was Vickie's biological father. Based on this information, CSED issued Button a Notice and Finding of Financial Responsibility (NFFR) for ongoing support of $587 per month and arrears of $40,684 for public assistance paid on Vickie's behalf. Button timely appealed this administrative notice and filed a complaint to disestablish paternity in superior court.[2]

After paternity tests demonstrated that Button was not Vickie's biological father, the superior court disestablished paternity, relieving Button of any ongoing child support

---

decision, Button filed a complaint to disestablish paternity in superior court. The court granted a stay of enforcement of the support order pending resolution of the paternity issue. The Department of Revenue remanded the administrative appeal to CSED until the court determined that Button was the father, or determined that the stay should be lifted. Because paternity was disestablished and the court found that Button owed no support arrears, no further action was taken on Button's administrative appeal.

duty. The court also held that Button was not liable for arrears because, due to Button's pending administrative appeal, CSED never issued a final support order.

CSED appeals the superior court's decision that Button owes no child support arrears.

## III. DISCUSSION

### A. Standard of Review

█ Two issues are raised by this appeal: (1) whether there was a valid support order in effect before Button disestablished his paternity; and (2) if no support order was in effect, whether an independent duty of support exists based on Button's formal acknowledgment of paternity. Because these are issues of law, we exercise our independent judgment and "adopt the rule of law that is most persuasive in light of precedent, reason, and policy." [3]

### B. CSED Never Issued a Final Support Order.

█ The superior court found that Button was not required to pay arrears that accrued before the disestablishment order because no final support order had been in effect. In reaching this decision, the court ruled that Button's appeal of the agency's informal conference decision prevented CSED's support order from becoming final. CSED argues that this decision was erroneous, because an informal conference decision is a final order regardless of pending administrative or judicial appeals.

Alaska Statute 25.27.170(b) resolves this question in Button's favor:

3. *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979); *see also State, Dep't of Revenue, CSED v. Gerke,* 942 P.2d 423, 425 (Alaska 1997).

4. AS 25.27.170(a) provides:

A person served with a notice and finding of financial responsibility is entitled to a hearing if a request in writing for a hearing is served on the agency by registered mail, return receipt requested, within 30 days of the date of service of the notice of financial responsibility.

5. AS 25.27.170(b) (emphasis added).

6. *See* Alaska R. Civ. P. 90.3(h)(2); 42 U.S.C. § 666(a)(9) (1994). By "final order" we mean

If a request for a formal hearing under (a)[4] of this section is made, the execution under AS 25.27.062 and 25.27.230–25.27.270 may not be stayed unless the obligor posts security or a bond in the amount of child support that would have been due under the finding of financial responsibility pending the decision on the hearing. *If no request for a hearing is made, the finding of responsibility is final at the expiration of the 30–day period.*[5]

A plain reading of AS 25.27.170(b) indicates that a support order becomes final after thirty days only if no formal hearing is requested. Indeed, if an informal conference decision were a final order, then any change in support pursuant to a formal hearing would be a prohibited retroactive modification of child support.[6]

The legislative history of AS 25.27.170 supports this plain reading of the statute. As originally enacted in 1977, former AS 47.23.170(b) (now AS 25.27.170) provided:

If a request [for a hearing] under (a) is made, the execution under secs. 230–270 of this chapter shall be stayed pending the decision on the hearing, or the decision of a court, if appealed. If no request for a hearing is made, the finding of responsibility is final at the expiration of the 30–day period.[7]

Thus, the statute at its inception explicitly provided that a support order was not final pending administrative or judicial review. In 1994 the legislature substituted the current version of AS 25.27.170—inserting the requirement that a bond be posted—in order to comply with requirements for federal funding.[8] A CSED representative testified at a

one no longer subject to direct administrative or judicial review. Any modification that occurs on direct review, or in timely parallel proceedings that are functionally the equivalent of direct review, is not retroactive in the prohibited sense. We recognize that in the absence of a stay CSED's informal conference decision was an enforceable order while further review was pending. AS 25.27.170(b).

7. Ch. 126, § 29, SLA 1977.

8. *See* Committee Minutes, Alaska House State Affairs Standing Committee (May 3, 1994) (testimony of Phillip Petrie, CSED). Federal law requires states to enact

state house committee hearing that the 1994 changes to the Alaska statute were aimed at complying with federal law; there was no suggestion that the amendment was designed instead to make a statute intended to stay the execution of a support order pending appeal into a provision that had the opposite effect.[9]

■ CSED's second argument—that AS 25.27.170(b) pertains only to NFFR appeals, not to appeals of informal conference decisions, which are immediately enforceable—is contradicted by the administrative regulations governing the hearing process. Those regulations provide that a putative obligor may request a formal hearing after an informal conference decision.[10] The regulations state that informal conference decisions are final "for purposes of appeal to a formal hearing" but not for purposes of appeal to superior court.[11] Thus, AS 25.27.170(b) serves to convert a NFFR or an informal conference decision into a final order only if no formal hearing is requested.

Because Button appealed the informal conference decision within thirty days, and his administrative appeal was stayed pending a decision by the superior court, the superior court correctly held that there was never an enforceable support order.[12]

C. *Button's Legal Acknowledgment Created No Duty of Support.*

■ CSED argues that Button nevertheless has a duty of support stemming from his formal acknowledgment of paternity. It is true that an acknowledgment of paternity presumptively establishes a legal parent-child relationship regardless of biological parenthood and even in the absence of a court order requiring child support payments.[13] But CSED confuses this presumption of paternity with a paternity judgment. A duty of support may be conclusively imposed on a father by an order of support or a paternity judgment, since such judgments and orders are entered in formal proceedings that provide the father with notice and an opportunity to be heard on the paternity issue. By contrast, before being served with the NFFR notifying him of arrears in excess of $40,000—nine years after he acknowledged paternity—Button had no notice that the state would seek arrears or future child support. Until then, he was a presumptive father, but his duty of support had not been established. This was Button's first formal opportunity to rebut the presumption, which he did in a timely manner. Absent notice of CSED's claim for support and arrears and an opportunity to be heard on the issue, Button's earlier acknowledgment of paternity alone did not suffice to convert his presumptive parent-child relationship into an established duty of support.[14]

■ In appropriate circumstances, CSED still might have asserted that Button was estopped from denying his child support debt. But a successful claim of paternity by estoppel requires proof of reasonable reliance and economic prejudice.[15] Here, CSED claims that it could not have sought reimbursement from the biological father until Button, the presumed father, disestablished his paternity. But we rejected an identical claim in *State, CSED v. Kovac,* allowing bio-

[p]rocedures which require that a noncustodial parent give security, post a bond, or give some other guarantee to secure payment of overdue support, after notice has been sent to such noncustodial parent of the proposed action and of the procedures to be followed to contest it (and after full compliance with all procedural due process requirements of the State).
42 U.S.C. § 666(a)(6) (Supp. III 1998).

9. *See* Committee Minutes, Alaska House State Affairs Standing Committee (May 3, 1994).

10. *See* former 15 AAC 05.030 (1994).

11. *See* former 15 AAC 05.020 (1994).

12. Because there was no final support order issued against Button, Civil Rule 90.3(h)(2) and

42 U.S.C. § 666(a)(9) do not bar the court from modifying or extinguishing his arrears. *See Kilpper v. State, CSED,* 983 P.2d 729, 734 n. 17 (Alaska 1999). In *Kilpper,* we noted that altering child support arrears does not amount to a retroactive modification of child support if no support order is in effect during the period covered by the judgment establishing the arrears. *See id.*

13. *See id.* at 732.

14. *See State, Dep't of Revenue, CSED v. Maxwell,* 6 P.3d 733, 737–738 (Alaska) (presumed father must be given opportunity for fair and impartial hearing before support order becomes final).

15. *See B.E.B. v. R.L.B.,* 979 P.2d 514, 516, 520 (Alaska 1999).

■■■■■■■■■■■■■■■■■■■■■■

logical fatherhood to be established independently of—and before—disestablishment of presumptive fatherhood.[16] A biological father's duty of support arises at the birth of his child and does not depend upon the lack of a legally presumed father.[17] We thus find no merit to CSED's claim that Button's acknowledgment of paternity prevented it from pursuing the biological father for reimbursement of child support arrears.

## IV. *CONCLUSION*

Because Button rebutted the presumption of paternity raised by his legal acknowledgment of paternity at his first formal opportunity and before a final support order was issued, the judgment of the superior court is AFFIRMED.

---

**16.** *See* 984 P.2d 1109, 1112 (Alaska 1999).

**17.** *See id.*