IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48493

| | |
|---|---|
| In the Matter of: Jane Doe II, A Child Under Eighteen (18) Years of Age. | ) ) |
| JOHN DOE I and JANE DOE I, | ) |
| | ) Filed: April 6, 2021 |
| Petitioners-Respondents, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOHN DOE (2020-50), | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, affirmed.

Aaron J. Bazzoli, Canyon County Public Defender; Brigette L. Borup, Deputy Public Defender, Caldwell, for appellant.

Law Office of Jeffrey T. Sheehan; Jeffrey T. Sheehan, Boise, for respondents.

_____

GRATTON, Judge

John Doe (Doe) appeals from the magistrate court's judgment terminating Doe's parental rights to his minor child. Doe argues that the magistrate court erred by concluding that: (1) Doe abandoned his child; and (2) termination is in the child's best interests. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arose in February 2019 when John Doe I and Jane Doe I (respondents) filed a petition for termination of parental rights and adoption of two minor children, R.B. and T.C. The children are half-siblings and share the same biological mother (Mother). John Doe is the biological father of T.C. The parental rights of T.C. are the subject of this appeal. Prior to the termination proceedings, Doe and Mother ended their three-year relationship. Mother was unable

1

to appropriately care for the children and needed time to get her life on track. Consequently, Mother asked the maternal grandparents to take care of the children until she was in a better position to do so. The maternal grandparents agreed to care for the children, but requested that both parents sign over parental power of attorney so that the maternal grandparents could make decisions on behalf of the children. Doe and Mother agreed and the parties met at Mother's residence and signed a parental power of attorney to the maternal grandparents. Later, the maternal grandparents (Guardians) sought and obtained legal guardianship over the children.

While the Guardians were caring for the children, the parents had little to no contact with the children. After caring for the children for some time, the Guardians found adoptive parents for the children. After several visits with the respondents, the children began living full time with the respondents. The respondents filed a petition to terminate parental rights to the two minor children and for adoption. Thereafter, Doe filed a petition to terminate the guardianship. The termination and guardianship actions were consolidated. The respondents' petition to terminate parental rights to the minor children proceeded to trial. Ultimately, the magistrate court entered a judgment terminating Mother's parental rights to both children. In addition, the magistrate court terminated Doe's parental rights to T.C., concluding that Doe had abandoned T.C. and it is in T.C.'s best interests to terminate Doe's parental rights. Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing

2

evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

### III.

### ANALYSIS

Doe argues that the magistrate court erred by terminating Doe's parental rights. Specifically, Doe contends that there was not substantial and competent evidence to support a finding that Doe willfully abandoned T.C. or that termination is in T.C.'s best interests. We will examine each of Doe's contentions in turn below.

#### A.     Abandonment

The magistrate court terminated Doe's parental rights on the ground of abandonment, I.C. § 16-2005(1)(a). Pursuant to I.C. § 16-2002(5), abandonment occurs when the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support

or regular personal contact. The word "or" is a disjunctive particle used to express an alternative and, thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010).

When a parent fails to maintain a normal parental relationship without just cause for a period of one year, prima facie evidence of abandonment exists. I.C. § 16-2002(5). There is no universal standard for what constitutes a normal parental relationship, and whether such a relationship exists depends on the facts and circumstances of each case. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). The petitioner bears the burden of persuasion to demonstrate that the parent lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Id.* If the petitioner is able to meet this burden, the parent then has the burden of production to present evidence of just cause. *Id.* If the magistrate court finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.*

Here, the magistrate court concluded that Doe abandoned T.C. by willfully failing to maintain a normal parental relationship with the child. The court concluded that Doe did so by failing to provide T.C. with (1) reasonable support, and (2) regular personal contact.

On appeal, Doe argues that the magistrate court erred by concluding that Doe willfully abandoned T.C. Doe argues that he did not willfully abandon the child because he made efforts to contact the child but the Guardians denied him access to the child. In making his argument, Doe contends that the magistrate court erred by failing to consider Doe's various motions for visitation and a motion for mediation. Doe argues that, had the court granted his visitation, he would have been able to be "reintegrated into the child's life for a full year before the Termination trial." The respondents argue that the magistrate court's decision to terminate Doe's parental rights, based upon a finding of abandonment, is supported by substantial and competent evidence in the record. Specifically, the respondents contend that the magistrate's termination finding based on Doe's willful failure to financially support T.C. should be affirmed because Doe does not challenge the magistrate court's determination on appeal. In addition, the respondents argue that the magistrate court's conclusion that Doe willfully failed to maintain personal contact with the child is supported by the record. Finally, the respondents argue that the court did not err by failing to rule on Doe's motions because the record makes clear that Doe failed to pursue the motions.

We conclude that substantial and competent evidence supports the magistrate court's finding of abandonment based on Doe's willful failure to provide reasonable support and maintain regular personal contact with T.C. Each of these findings are independent bases for termination. The Idaho Supreme Court affirmed this notion when it recently explained that pursuant to "Idaho Code section 16-2002(5), abandonment may occur in situations where a parent willfully fails to provide 'reasonable support or regular personal contact' with his child. As the disjunctive 'or' indicates, 'a finding that a parent has failed to provide reasonable support without just cause, by itself, establishes abandonment.'" *Matter of Doe II*, 165 Idaho 199, 203, 443 P.3d 213, 217 (2019). The magistrate court did not err by terminating Doe's parental rights on either basis.

First, as the respondents argue, Doe does not challenge the magistrate court's finding of abandonment on the basis that he willfully failed to provide reasonable support to T.C. Although, as a procedural matter, we must affirm the magistrate court's finding of abandonment on this unchallenged basis, we find it important to note that Doe conceded below that he willfully failed to provide T.C. with reasonable financial support. During the trial, Doe testified "that he purposely did not pay any support to [Guardians] for [T.C.]'s care to prevent any financial contribution to [the Guardian's] legal action against him." In addition, the magistrate court found that "[Doe] has the ability to be employed and earn a living to financially meet [T.C.]'s needs." Thus, the magistrate court did not err in concluding that Doe abandoned T.C. by willfully failing to provide reasonable support. Accordingly, we affirm the magistrate court's finding on this unchallenged basis.

Second, substantial and competent evidence supports the magistrate court's finding that Doe abandoned T.C. by willfully failing to maintain regular contact with the child. The magistrate court found that Doe voluntarily and informally relinquished custody of his child to the Guardians. Doe never revoked his grant of authority to the Guardians. While the child was in the care of the Guardians, and later the respondents, Doe neither contacted the child nor asked the maternal grandmother for regular contact with the child. Doe did not propose or discuss any plan to return the child to his custody. Doe lived in the same geographical area as the Guardians, knew of their whereabouts at all times, and had their phone number. In addition, Doe had other avenues to contact the maternal grandmother in order to maintain a relationship with T.C., including through Doe's mother, Doe's sister, and Doe's grandparents. Nonetheless, Doe did not contact the child or provide food, clothing, shelter, letters, or gifts to T.C. On appeal, Doe does not challenge these

factual findings. Rather, Doe contends that he was prevented from having a relationship with the child by the Guardians, specifically the maternal grandmother. Doe made this same argument to the magistrate court. The magistrate court disagreed with Doe and found that his testimony alleging that he made efforts to contact the child was not credible:

> The court does not find a just cause for [Doe's] absence from his child. [Doe] argues that he was prevented from having a relationship with [T.C.] by [maternal grandmother]'s actions. Doe claims that his calls went unanswered, he could not find [maternal grandmother] on Facebook and went to her home multiple times only to find no one home. [Doe's] credibility suffered during the trial. [Doe's] testimony was inconsistent and lacking of details that would lend credibility to his position. [Doe] maintained that Facebook was his only source of communication with [maternal grandmother], yet he claims his calls went unanswered. The court also does not find it credible that [Doe] appeared "multiple times" at [maternal grandmother's] residence only to find no one home. It is telling that [Doe's fiancé], someone who is very close to the situation and who lived with [Doe] for an entire year, only learned of where [maternal grandmother] lived when she went with [Doe] to confront [maternal grandmother] in December, 2018.

The magistrate court recognized that the maternal grandmother was one month late in responding to one of Doe's text messages and eventually blocked Doe on Facebook. Nonetheless, the magistrate court continued by stating:

> The fact of the matter is that [Doe] did not engage in any significant communication with [the Guardians] regarding his intentions and plan to maintain a normal parent-child relationship with [T.C.]. The court finds it more credible that, had [Doe] engaged in meaningful communications with [maternal grandmother], [T.C.] could have been back in his care under appropriate circumstances given that [maternal grandmother] was clearly unwilling to care for the children long-term and placed the girls so quickly with another family after the guardianship was entered. Despite [Doe's] statements that he did what he could to maintain a relationship with [T.C.], he never revoked the parental power of attorney. In short, [maternal grandmother's] actions do not constitute just cause to explain [Doe's] absence from [T.C.]'s life. [Doe] had the ability to maintain a normal parental relationship with [T.C.] and he chose not to do so.

The magistrate court is in the best position to weigh the credibility of witnesses at trial. *See Curtis v. M.H. King Co.*, 142 Idaho 383, 387, 128 P.3d 920, 924 (2005) ("Determination of the credibility of a witness is a matter best left to the trier of fact. The trier of fact, who has the opportunity to observe the witnesses and form judgments from their demeanor, is uniquely positioned to determine their credibility."). The court found that Doe's allegations that he made efforts to contact the child were not credible. Thus, we will not second-guess the magistrate court's determination on appeal.

In addition, and contrary to Doe's contention, the magistrate court did address and implicitly denied Doe's motions for visitation. The motions were discussed at multiple hearings, and in each instance the magistrate court expressed its hesitation in granting visitation to Doe given the complexities of the guardianship, termination, and adoption actions. On numerous occasions the court asked Doe to present additional evidence to persuade the court otherwise and to explain the reasons for his lack of contact with T.C., but Doe was unprepared to do so. Thus, the court implicitly denied Doe's motion and Doe acquiesced in the court's procedure.[1] Moreover, Doe's lack of visitation during the termination proceedings did not form the basis of the court's abandonment finding. Rather, as set forth above, the magistrate court terminated Doe's parental rights because Doe willfully failed to: (1) provide reasonable support; and (2) maintain regular personal contact with the child by being complicit with someone else caring for T.C. *prior* to the termination proceedings. Accordingly, we conclude that the magistrate court did not err by finding that Doe abandoned his child.

## B. Best Interests of the Child

Doe argues that termination of his parental rights is not in the child's best interests. The respondents contend that substantial and competent evidence supports the magistrate court's finding that termination is in the child's best interests.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358

---

[1]     John Doe does not point this Court to the portion of the record containing the motions for visitation or the motion for mediation. Although the record and transcript indicate that motions for visitation were filed, this Court was unable to locate a motion for visitation or any reference to a motion for mediation. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*.

P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe's child has not received the stability at home that she deserves, but is making dramatic improvements while in the respondents' care. Doe has not had a parental relationship with T.C. for over two years. While in Doe's care, T.C. was not provided with a stable home environment. During Doe's and Mother's three-year relationship prior to termination, the couple never secured long-term housing for their family. The couple often lived in their vehicle, at a motel, at a homeless shelter, or stayed with friends and family. The magistrate court found that T.C. was neglected while in Doe's care and T.C. "was impacted by the neglect and exhibited behaviors and developmental delay." The maternal grandmother testified that when the children would come to visit, they smelled horribly of urine and cigarette smoke and did not have appropriate clothing. The magistrate court found that "[w]hen the girls transitioned to [maternal grandmother]'s home, they were undisciplined, neglected, and unaccustomed to any type of routine or structure."

However, both of the children are thriving at the respondents' residence and would remain together if respondents are able to adopt. The magistrate court found that the children "are developmentally on track, up to date medically, and happy" in the respondents' care. The respondents have provided the children with a stable home, routine, structure, and their own beds. The children have forged a bond with the respondents and their infant son. Both children express a desire to live with respondents, and the respondents are committed to meeting the children's needs. Doe was unable to adequately provide for T.C. and T.C. is making dramatic improvements in the respondents' care. Accordingly, we conclude that termination of Doe's parental rights is in T.C.'s best interests.

## IV.

## CONCLUSION

There is substantial and competent evidence to support the magistrate court's finding that Doe abandoned the child. Additionally, it is in the best interests of the child to terminate Doe's parental rights. Therefore, the judgment terminating Doe's parental rights is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

8